**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ROBERT WARD MARIN II, Plaintiff,

v.

SHERIFF MIKE HALEY, et al., Defendants.

3:13-cv-425-RCJ-WGC

**ORDER**

This is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by an inmate. Plaintiff has submitted an application to proceed *in forma pauperis*, a civil rights complaint, and a motion for appointment of counsel. (ECF. No. 1, 1-1, 1-2).

## I. *In Forma Pauperis* Application

Before the Court is Plaintiff's application to proceed *in forma pauperis.* Based on the information regarding Plaintiff's financial status, the Court finds that Plaintiff is not able to pay an initial installment payment towards the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments towards the full $350.00 filing fee when he has funds available.

## II. Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel. (ECF. No. 1-2). A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional

circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*. In the instant case, the Court does not find exceptional circumstances that warrant the appointment of counsel. The Court denies the motion for appointment of counsel.

**III. Screening Standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.

*See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## IV. Screening of Complaint

Plaintiff, now an inmate at Warm Springs Correctional Center, sues Defendants Sheriff Mike Haley, Booking Deputy John Doe, Booking Nurse Jane Doe, Deputy Wheeler, and Nurse Marcella for actions directed against Plaintiff while detained at the Washoe County Detention Facility. (ECF. No. 1-1 at 1). Plaintiff alleges that, upon his arrest, he was hospitalized and booked at the Washoe County Detention Facility with a prescription for pain medication. (*Id.* at 3). However, he was told that he could only have Ibuprofen. (*Id.*). Plaintiff kited numerous times to get his prescription but never received a response to his kites. (*Id.*). Plaintiff tried to use the grievance process but was told to "get with the program" by Deputy Wheeler. (*Id.*). Deputy Wheeler ripped up the grievance in front of Plaintiff at Nurse Marcella's request. (*Id.*).

In his complaint, Plaintiff alleges two counts. (*Id.* at 4-5). In his first count, Plaintiff alleges a violation of his Eighth Amendment rights because Booking Deputy John Doe refused to let him have his prescription pain medication resulting in unwanton pain for months. (*Id.* at 4). Booking Nurse Jane Doe also refused to give Plaintiff his prescription pain medication. (*Id.*). Nurse Marcella had denied Plaintiff access to the grievance process by requesting that Deputy Wheeler destroy the grievance. (*Id.*). Plaintiff alleged that Sheriff Haley was legally responsible. (*Id.*).

In the second count, Plaintiff alleged a Fourteenth Amendment violation because Deputy Wheeler had ripped up the grievance in front of Plaintiff and told Plaintiff to get with the program. (*Id.* at 5).

### A. Eighth Amendment

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate

indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012). A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Additionally, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

In this case, Plaintiff alleges that prison officials should have given him prescription strength pain medication rather than Ibuprofen. The Court finds that this allegation is insufficient to state a colorable claim that the difference of opinion on the strength of Plaintiff's pain medication amounted to deliberate indifference. The Court dismisses Plaintiff's Eighth Amendment claim with prejudice because amendment would be futile.

**B. Fourteenth Amendment**

Prisoners have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered "actual injury." *Id*. at 349. The actual-injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Id*. at 353. "The right of meaningful access to the courts extends to established prison grievance procedures." *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995), *overruled on other grounds by Shaw v. Murphy*, 532 U.S. 223, 230 n.2 (2001).

In this case, Plaintiff alleges that Deputy Wheeler ripped up his grievance regarding the denial of his prescription pain medication. The Court finds that Plaintiff is unable to establish "actual-injury" in this situation because his underlying legal claim is his Eighth Amendment claim. As discussed above, Plaintiff fails to state a claim for a violation of his Eighth Amendment rights and, thus, he cannot demonstrate that prison officials impeded his ability

to access the courts with a nonfrivolous legal claim. As such, the Court dismisses Plaintiff's Fourteenth Amendment claim with prejudice because amendment would be futile.

## V. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) without having to prepay the full filing fee is **GRANTED**. The Clerk of Court SHALL FILE the complaint. (ECF No. 1-1). Plaintiff shall **not** be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act, the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Robert Ward Marin II, #85750** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of **Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons,** P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that, although this action is dismissed, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 1-2) is **DENIED**.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED WITH PREJUDICE** for failure to state a claim, as amendment would be futile.

**IT IS FURTHER ORDERED** that this Court **CERTIFIES** that any *in forma pauperis* appeal from this order would be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment

accordingly.

Dated this 11th day of February, 2014.

_______________________________
United States District Judge